IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL SPAULDING,**

    **Plaintiff,**

**v.**                                                                                   **No. 21-cv-0332 CG/SMV**

**DEANNA STRINGER,**
**LJ BRADY LEASING INC.,**
**LJ BRADY LEASING CO., LLC,**
**BRADY TRUCKING, INC., and**
**ESTATE OF ASHLEY EASTER,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER TO AMEND COMPLAINT

THIS MATTER is before the Court on its review of the Complaint [Doc. 1], filed by Plaintiff on April 12, 2021. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. Therefore, the Court will order Plaintiff to file an amended complaint no later than **May 24, 2021**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

### BACKGROUND

On April 12, 2021, Plaintiff filed his Complaint under 28 U.S.C. § 1332. *See* [Doc. 1] at 2, ¶¶ 8–9. The Complaint asserts that there is complete diversity between Plaintiff and Defendants

and that the amount in controversy exceeds $75,000. *Id*. In support of his claim of diversity of citizenship, Plaintiff asserts that he is a "resident" of Texas. *Id.* at 1, ¶ 1. He also asserts that Defendant Deanna Stringer is a "resident" of Oregon. *Id.* at ¶ 2. He asserts that Defendant LJ Brady Leasing, Inc. is a "foreign" entity with a registered agent in Utah. *Id.* at ¶ 3. He further asserts that Defendant LJ Brady Leasing Co., LLC and Defendant Brady Trucking, Inc. are both "foreign" entities with registered agents in Texas. *Id.* at 1–2, ¶¶ 4–5. Finally, he asserts that Defendant "Estate of Ashley Easter" was a resident of New Mexico. *See id.* at 2, ¶¶ 6–7. He makes no allegations about the citizenship of (1) the individual parties, (2) the corporate Defendants, (3) the members of Defendant LJ Brady Leasing Co., LLC, or (4) the citizenship of the decedent of the estate Defendant. *See id.*

## LEGAL STANDARD

A plaintiff is required to assert the basis of subject matter jurisdiction in his complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a).

## DISCUSSION

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of any party. First, jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not

2

enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). In this case, the Complaint indicates that Plaintiff is a "resident" of Texas and Defendant Deanna Stringer a "resident" of New Mexico, but it does not allege the "citizenship" of either. *See* [Doc. 1] at 1, ¶¶ 1–2; *Middleton*, 749 F.3d at 1200. Thus, Plaintiff has not pleaded citizenship distinctly and affirmatively, as required. *See Siloam Springs*, 781 F.3d at 1234.

Second, a corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business. *See* § 1332(c). Here, the Complaint indicates that Defendant LJ Brady Leasing, Inc. is a "foreign" entity with a registered agent in Utah and that Defendant Brady Trucking, Inc. is a "foreign" entity with a registered agent in Texas. *Id.* at 1–2, ¶¶ 3, 5. Yet, the Complaint does not indicate where either is incorporated or where either maintains its principal place of business, as required to establish their citizenship. *See* § 1332(c).

Third, determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. Limited liability companies are treated as partnerships for citizenship purposes and are, therefore, citizens of each and every state in which any member is a citizen. *Siloam Springs*, 781 F.3d at 1234. Here, the Complaint indicates that Defendant LJ Brady Leasing Co., LLC is a "foreign" entity with a registered agent in Texas. [Doc. 1] at 1, ¶ 4. But it fails to allege the citizenship of each member of the limited liability company, as required to establish its citizenship for diversity purposes. *See Siloam Springs*, 781 F.3d at 1234. Moreover, if Plaintiff is a citizen of Texas, and either Defendant Brady Trucking,

Inc. or any member of Defendant LJ Brady Leasing Co., LLC is a citizen of Texas, then diversity jurisdiction does not exist in this case.

Finally, the diversity statute also provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." § 1332(c)(2). Here, the Complaint indicates that Defendant "Estate of Ashley Easter" was a resident of New Mexico. [Doc. 1] at 2, ¶¶ 6–7. Yet, it does not mention the "citizenship" of the decedent at the time of her death and thus has not satisfied the requirement under § 1332(c)(2).

Accordingly, the Court will give Plaintiff the opportunity to file an amended complaint to properly allege the citizenship each and every party at the time the complaint was filed, including the citizenship of (1) the individual parties, (2) the corporate Defendants, (3) the members of the limited-liability-company Defendant, and (4) the decedent of the estate Defendant.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall amend the Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **May 24, 2021**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **May 24, 2021**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

                                          **STEPHAN M. VIDMAR**
                                          **United States Magistrate Judge**